NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAKEL DANIELE,<br><br>     Plaintiff,<br>v.<br><br>THE AMERICAN BROADCASTING<br>COMPANIES, INC., ET AL.,<br><br>     Defendants. | Civil Action No.: 11-936 (JLL)<br><br>OPINION |

**LINARES, District Judge.**

  This matter comes before the Court on a motion to dismiss Plaintiff's Complaint filed by Defendant The American Broadcasting Companies, Inc. ("ABC") and Defendant The Walt Disney Company ("TWDC")(collectively referred to as "Defendants") pursuant to Fed. R. Civ. P. 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion and decides the matter without oral argument. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendants' motion to dismiss is granted and Plaintiff's complaint is dismissed with prejudice.

## BACKGROUND

  Plaintiff alleges that she was the owner a New Jersey lottery ticket for Mega Millions dated June 19, 2009 with the numbers 01, 02, 03, 04, 05 and mega ball 06. (Compl., ¶ 1). Plaintiff claims that on June 19, 2009, ABC broadcast the following lottery numbers: 01, 02, 03, 04, 05 and mega ball 06. (Compl., ¶ 3). Plaintiff alleges that on June 20, 2009, that ABC re-broadcast the following lottery numbers: 01, 02, 03, 04, 05, and mega ball 12. Plaintiff contends that the lottery results broadcast by ABC would have, if accurate, entitled her to a $250,000.00 prize. (Compl., ¶ 5). Plaintiff argues that Defendants has a "duty to accurately and correctly report the news." (Compl., ¶ 2).

Plaintiff claims that she detrimentally relied on said broadcasts and was severely damaged. (Compl., ¶¶ 6 & 8).[1]

## LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). However, "determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires [this Court] to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950 (internal citations and quotations omitted).

## DISCUSSION

Plaintiff's only remaining cause of action alleges that she sustained damages because Defendants negligently, intentionally, or recklessly reported an untruthful news story – namely the incorrect winning lottery numbers – resulting in damages. (Compl., ¶ 4). Turning first to Plaintiff's negligence theory, Defendants argue that Plaintiff cannot establish a *prima facie* case for negligence[2] because, as a matter of law, a news outlet like ABC cannot be held liable for a negligent misstatement of fact. The Court agrees. "New

---

[1] Defendants removed this matter to this Court on the basis of diversity jurisdiction to 28 U.S.C. § 1332.
[2] Under New Jersey law, in order to demonstrate negligence, a plaintiff must show: (1) duty; (2) breach; and (3) compensable injury proximately caused by defendant's breach of duty. P.T. v. Richard Hall Community Mental Health Care Center, 364 N.J.Super. 561, 572, 837 A.2d 436 (2002).

Jersey [cannot], consistent with the requirements of the First Amendment, impose liability for a negligently untruthful news story." Tumminello v. Bergen Evening Record, Inc., 454 F.Supp. 1156, 1160 (D.N.J. 1978) (citing Time, Inc. v. Hill, 385 U.S. 374, 87 S.Ct. 534, 17 L.Ed.2d 456 (1967)). In Tumminello, the plaintiff filed a tort action against a newspaper alleging that he sustained damages from an erroneous news report which, as here, did not involve defamation. The Court explained that although "[a]ccuracy in news reporting is certainly a desideratum . . . the chilling effect of imposing a high duty of care on those in the business of news dissemination and making that duty run to a wide range of readers or TV viewers would have a chilling effect which is unacceptable under our Constitution." Id. Therefore, Plaintiff's claim that Defendants negligently reported the incorrect winning lottery numbers is not a viable cause of action and must be dismissed.

Turning now to Plaintiff's allegations that Defendants acted intentionally when broadcasting the aforementioned lottery numbers, the Court finds that Plaintiff's Complaint fails to allege any factual allegations which, if accepted as true, could state a plausible claim for relief under such a theory. Plaintiff argues that the Complaint "encompasses the reasonable scenario where the [Defendants] thought it would be funny to broadcast the wrong numbers . . . intentionally." (Pl.'s Br. 2). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]- that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950 (internal citations and quotations omitted). Here, the facts alleged in Plaintiff's Complaint do not allow the Court to infer more than the possibility that Defendants acted intentionally. As such, Plaintiff's claim that Defendants acted intentionally must also be dismissed.

Finally, the Court finds that Plaintiff's recklessness theory fails as a matter of law because under the particular facts of this case as they relate to non-defamatory news reporting, "[s]he [is] not one to whom the defendants owed any particular duty of care." Tumminello, 454 F.Supp. at 1159-1160. Plaintiff's theory of recklessness also must be dismissed.

## CONCLUSION

Based on the reasons set forth above, Defendants' motion is granted and Plaintiff's complaint is dismissed with prejudice.

An appropriate Order accompanies this Opinion.

Date:   July 26, 2011                                  /s/ Jose L. Linares
                                                       United States District Judge